The following question was certified: " Under the facts and circumstances disclosed by the record, should the 567 shares of the Central Union Trust Company stock, received by the trustee in exchange for 567 shares of Central Trust Company stock received as an eighty-four per cent dividend on 675 shares of stock, be transferred and delivered to the life beneficiaries as income in the proportions set forth in paragraph sixth of the will? "

*Royal E. T. Riggs* for appellants.

*Harry H. Hoffnagle* and *Andrew S. Hamersley* for respondent.

Order affirmed, with costs payable out of estate, and question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

A. O. ANDERSON & Co., INC., Respondent, *v.* STANDARD SHIPBUILDING CORPORATION, Appellant.

*Commissions — contract — construction of contract for payment of commissions.*

*Anderson & Co., Inc.,* v. *Standard Shipbuilding Corpn.,* 202 App. Div. 795, affirmed.

(Argued November 24, 1922; decided December 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1922, affirming a judgment in favor of plaintiff, entered upon an order of Special Term granting plaintiff's motion for judgment on the pleadings. The action was brought to recover the sum of $40,608.88 and interest, being a balance claimed to be due to the plaintiff as brokerage commissions on certain contracts for the construction of vessels which the plaintiff procured for the defendant. The amount claimed was not in dispute the issue being whether the defendant was liable for the commissions. The answer alleged that the commissions were payable by the defendant when, and only when, installments of purchase price were received by the defendant from the several purchasers. Plaintiff con-

tended that the proper construction of the contract was that the commissions were to be paid when the defendant was paid and that it was immaterial from whom the defendant received the money.

*Henry M. Ward, Chauncey G. Parker, John E. Walker* and *William Hayward* for appellant.

*John A. McManus* and *Dudley C. Smith* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Not voting: HISCOCK, Ch. J.

---

FRANCIS STODDARD, JR., as Superintendent of Insurance of the State of New York, Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

*Principal and surety — bonds — action to recover upon surety bond — defense of fraud.*

*Phillips* v. *U. S. Fidelity & Guaranty Co.*, 200 App. Div. 208, affirmed.

(Argued November 24, 1922; decided December 12, 1922.)

APPEAL from a judgment, entered May 31, 1922, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee and directing a dismissal of the complaint. The plaintiff, acting as liquidator of the affairs of the New York National Insurance Company, brought this action to recover the amount named in a depository bond, issued to that company by the defendant the United Fidelity and Guaranty Company, whereby defendant undertook to indemnify the New York National Insurance Company for any loss of its deposits in the North Penn Bank of Philadelphia, Penn., not exceeding $50,000, which might be sustained by it during the course of one year through the insolvency of the bank. The action was defended on the ground that the New York National Insurance Company, when it applied for the bond, knew, or had reason to know, that the North Penn Bank was insolvent, and fraudulently concealed information thereof from the defendant. It